JjPHILIP C. CIACCIO, Judge Pro Tem.
BACKGROUND
Plaintiff-appellant Brewster G. Stalter II owned two limited partnership “units,” a type of property interest, in 700 South Peters Limited Partnership. (“Partnership.”) Stalter filed for bankruptcy, under the federal bankruptcy code, in 1989.
The Partnership first began turning a profit in 1995; the first distributions of money were made in 1996. At that time, the Partnership refused to'‘distribute any funds to Stalter, arguing that, pursuant to the original Partnership Agreement, Stal-ter’s limited partnership interest had terminated when he filed for bankruptcy in 1989.
The Partnership Agreement reads, in pertinent part (section 7.4(a)):
In the event that any Limited Partner shall be adjudicated a bankrupt in voluntary proceedings or upon voluntary application for the adjudication in bankruptcy of any Limited Partner, or upon application by any Limited Partner for an assignment for the benefit of creditors or receivership or respite, then such Limited Partner’s Partnership Interest shall thereupon ipso facto terminate, but this Partnership shall not be terminated. Upon the termination of the Partnership Interest of any Limited Partner, as herein provided: (i) neither such Limited Partner nor any creditor or other person claiming through him shall have any right, title or interest whatsoever in any of the assets of the Partnership and shall be entitled only to receive an amount determined in accordance with section 7.4(c); (ii) the provisions of sec *332 tion 6.2(c) shall be followed until all or part of the Partnership Interest remains unpurchased by the Partners, in which ease, the General Partner shall purchase or otherwise dispose of the remainder.
The Partnership based its position on the “ipso facto” termination clause in the Agreement, arguing that it operates automatically, as soon as a limited partner 13filed for bankruptcy, and so cannot be waived. Stalter countered by arguing that the termination provided for in Section 7.4(a) is an ongoing process, that it can be waived, and in this case had been waived; he therefore sued to have his interest restored to him. At this case’s first appearance in the trial court, the Partnership’s exception of no cause of action was sustained. When Stalter appealed that judgment to this court, we reversed. Neither Stalter nor the Partnership had mentioned Bankruptcy Code article 365(e), which states:
(e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or least may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
(A) the insolvency or financial condition of the debtor at any time before the closing of the case;
(B) the commencement of a case under this title; or
(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.
(2) Paragraph (1) of this subsection does not apply to an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
(A)(i) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to the trustee or to an assignee or such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
(ii) such party does not consent to such assumption or assignment; or
(B) such contract is a contract to make a loan, or extend other debt financing or financial accomodations, to or for the benefit of the debtor, or to issue a security of the debtor.
This statute renders ipso factor termination clauses for executory contracts, triggered by the filing of a bankruptcy action, generally unenforceable. This court raised the question as to whether or not the statute would govern the present case. |4With the limited information before us at that time, no final determination as to the statute’s applicability could be made. We remanded the case for further proceedings at the trial court level.
The Partnership moved for summary judgment, which was granted; the trial judge found that Section 365(e) of the Bankruptcy' Code did not apply because Stalter’s bankruptcy trustee did not, in fact, treat the Partnership Agreement as an executory contract. The bankruptcy trustee treated the partnership interest as property, taking it into the estate but disclaiming it when it was revealed to have negative value. Therefore, Section 541(c) of the Bankruptcy Code was held to apply.
Section 541(c) of the Bankruptcy Code reads, in pertinent part:
[A]n interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law — ...
(B) that is conditioned on the insolvency or financial condition of the debtor, *333 on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor’s interest in property.
The trial court further found that section 541(c) did not affect the termination provision of the Partnership Agreement once the partnership interest had been disclaimed and abandoned and was removed from the bankruptcy. The entirety of the Partnership Agreement was found to be fully enforceable from the date of Stalter’s bankruptcy following abandonment of the partnership interest by the trustee. Finally, La.C.C. Art. 2818 was found to further provide for the termination of Stalter’s partnership interest upon the filing of bankruptcy and once liithe partnership interest had been disclaimed and abandoned by the trustee. Article 2818 reads, in part: “A partner ceases to be a member of a partnership upon: ... his being granted an order for relief under Chapter 7 of the Bankruptcy Code.”
From this judgment, Stalter appeals.
DISCUSSION
Summary judgment is properly granted only if the pleadings and evidence show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966(c). Article 966 has recently been amended; the burden of proof remains with the mover to show that no genuine issue of material fact exists. Now, however, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to present evidence of a material factual dispute mandates the granting of the motion. See Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied 97-0281 (La.3/14/97), 690 So.2d 41. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
Stalter does not contest the trial court’s finding that Bankruptcy Code Article 365(e) is inapplicable to his ease; we will therefore accept the trial court’s ruling that Article 541(c) is controlling here.
Despite these bankruptcy findings, Stal-ter argues in his first two assignments of error that genuine issues of material fact still remain. He first asserts that there | ¿remains a question as to whether, after the bankruptcy trustee abandoned Stal-ter’s interest in the Partnership, the Partnership intentionally waived its right to terminate Stalter’s interest pursuant to the Partnership Agreement termination clause. He also argues that there remains a genuine issue of material fact as to whether, after the trustee abandoned Stal-ter’s interest, the Partnership acted in a manner so inconsistent with an intention to enforce its termination rights that it should be deemed to have relinquished them.
Underlying both of these assignments of error is Stalter’s principal argument: that the termination clause in the Partnership Agreement did not operate automatically. He asserts that the Agreement indicates that a forfeiture upon bankruptcy remains incomplete until the Partnership re-allocates the interest to other partners.
The Partnership resists this interpretation of the Agreement, pointing out that the language of the Agreement states that, upon a partner’s bankruptcy filing, that partner’s interest ipso facto terminates. After reviewing this Agreement, this interpretation appears to be the clear and correct meaning of the bankruptcy provisions. *334 Where the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent; the court may not go beyond the four corners of the contract when the words of the contract are clear and explicit and lead to no absurd results. La.C.C. Article 2046.
Stalter has seized upon the words “... Upon the termination of the Partnership Interest of any Limited Partner, as herein provided: ... (ii) the provisions of Section 6.2(c) shall be followed until all or part of the Partnership Interest remains unpur-chased by the Partners, in which case, the General Partner [7shall purchase or otherwise dispose of the remainder.”[1] He argues from this that, since the Partnership must re-allocate the partnership interest, the limited partner who has declared bankruptcy remains in control until that reallocation occurs. Stalter claims that termination is incomplete and only theoretical until the reallocation has taken place.
We do not agree. Although the complete re-allocation of the partnership interest is not instantaneous, the Agreement is clear that the bankrupt limited partner’s interest terminates immediately upon the Sling for bankruptcy. As that partner would no longer have the right to hold, sell, or collect funds from his partnership interest, he holds no control over his interest; it has terminated, in accordance with the language and meaning of the Partnership Agreement. The process of re-allocating that interest is an ongoing one— only as it involves the Partnership. This is not true of termination of a bankrupt partner’s interest, which remains automatic.
As the termination of Stalter’s partnership interest was immediate and automatic upon his filing for bankruptcy, his assignments of error asserting that the Partnership waived the right to terminate are without merit.
In another assignment of error, Stalter argues that the trial court mistakenly ruled that waiver does not apply to legal as well as contractual rights. Considering the issue of waiver, Stalter points out, necessarily leads to the issue of intent, and summary judgments are generally not suitable for the disposition of cases requiring a judicial determination of subjective facts such as intent, knowledge, motive, malice or good faith. Ballex v. Naccari, 95-1339 (La.App. 4 Cir. 9/15/95), 663 2d 173. He suggests that the trial court’s failure to fully examine the issue of waiver led to an improper resolution of this case at summary judgment.
However, as discussed above, we have found that the Partnership Agreement provided for immediate and automatic termination of Stalter’s partnership interest; therefore, the Partnership did not have to assert any right to end that interest. Where there is no right to be asserted, there is no right to be waived. Accordingly, the issue of waiver is irrelevant here, and the trial court committed no error in ignoring it.
In his final assignment of error, Stalter points out that La.C.C. Art. 2818 does not require forfeiture of a partner’s interest upon bankruptcy if the parties contractually agree to a different, specific procedure regarding termination of a partner’s interest. As Stalter believes that the Partnership Agreement does set out a different procedure, he argues that the trial court was therefore in error in relying upon Art. 2818 as part of the justification for granting summary judgment to the Partnership.
We have already discussed our finding that the Partnership Agreement does, in fact, provide for automatic termination of a bankrupt limited partner's interest. Given this fact, the Partnership Agreement and Art. 2818 are in accordance, and not in conflict. While the trial court’s reliance upon Art. 2818 was not strictly necessary, *335 it certainly represents no error. This assignment is also •without merit.[2]
For the reasons discussed above, the judgment of the lower court is affirmed.
AFFIRMED.

. Section 6.2 of the Partnership Agreement deals with the general rules for transfers and assignments by limited partners.

. Stalter also, in brief, argues that other limited partners who have declared bankruptcy-have not had their partnership interests terminated. However, he does not assign this as error. Therefore, in accordance with the Uniform Rules, Courts of Appeal, Rule 1-3, 8 LSA-R.S., we decline to address this argument.